IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| NICHOLAS DRESSER,<br><br>Plaintiff,<br><br>v.<br><br>USAA GENERAL INDEMNITY COMPANY,<br><br>Defendant. | Case No. 1:26-CV-401 |

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant USAA General Indemnity Company ("USAA GIC" or "Defendant") gives notice of the removal of this action from the General Court of Justice, Superior Court Division of Buncombe County, North Carolina, 26CV006384-100, to the United States District Court for the Western District of North Carolina. In support of this Notice of Removal, Defendant shows the following:

**THE STATE COURT ACTION AND THE PARTIES**

1. On September 22, 2026, Plaintiff Nicholas Dresser ("Plaintiff") filed this action against Defendant in the General Court of Justice, Superior Court Division of Buncombe County, North Carolina. The Summons is attached as **Exhibit A**. The next day, Plaintiff filed an Amended Complaint, which is the operative complaint in this action. The Amended Complaint is attached as **Exhibit B**.

2. Plaintiff served the Amended Complaint through the North Carolina Commissioner of Insurance, pursuant to N.C. Gen. Stat. § 58-16-30. The Commissioner received and accepted service on September 29, 2026.

3. Defendant received the Amended Complaint on October 20, 2026. A copy of the U.S. Mail Postage Tracking reflecting receipt on October 20, 2026 is attached as **Exhibit C**.

4. Defendant's removal of this action is timely because this Notice of Removal is filed within the 30 days after Defendant became aware of Plaintiff's lawsuit. *See* 28 U.S.C. § 1446(b). When service is made through the Commissioner of Insurance pursuant to N.C. Gen. Stat. § 58-16-5, the deadline to remove begins the date the insurer actually receives notice of the lawsuit—not when the Commissioner accepts service. *Elliott v. Am. States Ins. Co.*, 883 F.3d 384, 394 (4th Cir. 2018).

**VENUE AND PROCEDURE FOR REMOVAL**

5. A copy of this Notice of Removal will be served on Plaintiff as required by 28 U.S.C. § 1446(d).

6. Additionally, as required by 28 U.S.C. § 1446(a), Defendant attaches copies of all process, pleadings, orders, and other materials that have been filed in the state court at the time of removal as Exhibit A, Exhibit B, and **Exhibit D** to this notice.

7. Promptly after filing this Notice of Removal, Defendant will file a "Notice of Filing Notice of Removal," a copy of which is attached as **Exhibit E**, with the General Court of Justice, Superior Court Division of Buncombe County, North

Carolina, and serve the same on Plaintiff. Attached to that Notice of Filing Notice of Removal will be a copy of this Notice of Removal, as required by 28 U.S.C. § 1446(d).

8. For purposes of this removal, venue is proper in this Court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). The action was filed in the General Court of Justice, Superior Court Division of Buncombe County, North Carolina, which is located within the jurisdiction of the United States District Court for the Western District of North Carolina. 28 U.S.C. § 113(c).

9. USAA GIC is the only defendant in this litigation, and thus removal does not require consent of further parties under 28 U.S.C. § 1446(b)(2)(A).

10. Defendant has satisfied the prerequisites and procedures for removal under 28 U.S.C. §§ 1441 and 1446. By submitting this notice, Defendant does not waive, and expressly reserves, any available defenses to Plaintiff's claims that Defendant may have during this litigation.

**GROUNDS FOR REMOVAL**

11. Defendant removes this action under 28 U.S.C. § 1441 as an action over which this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.

12. The parties are diverse. On information and belief, Plaintiff is a citizen and resident of North Carolina. Ex. B ¶¶ 5, 8–10.

13. Defendant is organized and exists under the laws of Texas, with its principal place of business in Texas. **Exhibit F** (Declaration of Hope Correll) at ¶ 3.

14. The parties are therefore citizens of different states as required by 28 U.S.C. § 1332(a)(1).

15. Plaintiff seeks damages in excess of $25,000.00 for breach of the Unfair and Deceptive Trade Practices Act ("UDTPA"), as well as damages for breach of contract. Ex. B ¶ 40 (alleging damages for breach of contract); *id.* ¶ 49 (alleging damages "in excess of $25,000.00" for alleged unfair acts and practices); *cf. Estate of Hurst v. Moorehead I, LLC,* 228 N.C. App. 571, 584 (2013) (recognizing that damages for breach of contract and UDTPA violation may be distinct). Plaintiff also seeks treble damages and statutory attorneys' fees under the UDTPA, bringing the total amount of his claimed damages above $75,000.00. Ex. B ¶ 50 (seeking trebling of any damages); *id.* ¶ 51 (seeking attorneys' fees); *see also Larsen v. Assurant Inc.*, No. 3:09-CV-00038, 2009 WL 1676993, at *1 (W.D.N.C. June 16, 2009) (explaining that the Court may consider statutory attorneys' fees in calculating the amount in controversy); *Fox v. Aflac Inc.*, No. 1:11CV177, 2011 WL 3897796, at *2 (W.D.N.C. Sept. 6, 2011) (considering treble damages in determining amount in controversy). The amount-in-controversy requirement is therefore satisfied. *See* 28 U.S.C. § 1332(a).

16. Therefore, this Court has jurisdiction over Plaintiff's claims under 28 U.S.C. § 1332, and this action is removable and properly removed under 28 U.S.C. §§ 1441 and 1446.

## CONCLUSION

For these reasons, Defendant respectfully gives notice that this action is removed from the General Court of Justice, Superior Court Division of Buncombe County, North Carolina, to this Court and that further proceedings will be conducted in the Court as provided by law.

This the 19th day of November, 2026.

/s/ Amanda S. Hawkins
Amanda S. Hawkins
N.C. Bar No. 50763
ahawkins@brookspierce.com
Lilian M. Burdick
N.C. Bar No. 66139
lburdick@brookspierce.com
BROOKS, PIERCE, MCLENDON,
HUMPHREY & LEONARD, L.L.P.
PO Box 1800
Raleigh, NC 27602
Telephone: 919-839-0300
Facsimile: 919-839-0304
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that she has this day served a copy of the foregoing document upon the following by email and placing the same in United States Mail, prepaid postage affixed, addressed as follows:

Joseph Rosier
Kuhn Raslaich, PA
421 Fayetteville Street, Suite 1100
Raleigh, NC 27601
joe@thekrfirm.com

*Attorney for Plaintiff*

This the 19th day of November, 2026.

/s/ Amanda S. Hawkins
Amanda S. Hawkins